**LaSHAWN A., by her Next Friend, Evelyn MOORE, et al., Appellees**

v.

**Vincent C. GRAY, as Mayor of the District of Columbia, et al., Appellants.**

No. 10–7045.

United States Court of Appeals, District of Columbia Circuit.

Feb. 28, 2011.

Before: GINSBURG and GARLAND, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

The District of Columbia appeals the district court's denial of its Federal Rule of Civil Procedure 60(b)(5) motion for termination or modification of the consent decree premised on the district court's 1991 finding that the District's child welfare system violated numerous provisions of the D.C.Code. *LaShawn A. v. Fenty*, 701 F.Supp.2d 84 (D.D.C.2010). We affirm the judgment of the district court.

As to the District's first claim of error, that dissolution of the consent decree is required under Rule 60(b)(5) because changed circumstances have assertedly remedied the statutory violations underlying the decree, we find no error in the district court's rejection of this claim based on the "defendants' failure to demonstrate durable statutory compliance." *LaShawn*, 701 F.Supp.2d at 112; *see Horne v. Flores*, —— U.S. ——, ——, 129 S.Ct. 2579, 2595, 174 L.Ed.2d 406 (2009) (observing that court oversight should be terminated "*if* a durable remedy" has been achieved (emphasis added)); *see also Board of Education v. Dowell*, 498 U.S. 237, 247, 111 S.Ct. 630, 112 L.Ed.2d 715 (1991) (suggesting that a decree should be dissolved upon a finding "that it [is] unlikely [the party will] return to its former ways"). The District's second claim is that the consent decree should be terminated based on changed circumstances indepen-

**316**

dent of statutory compliance, specifically, structural reforms in the District's child welfare system that assertedly render continuation of the decree "detrimental to the public interest," *Horne*, 129 S.Ct. at 2593. But while institutional reforms that have improved the District's child protective services are commendable, we find no error in the district court's decision to find the requested termination premature in light of the discovery in 2008 of "the decomposing bodies of four girls who received no help from" the child welfare system, as well as the court's finding that "[b]y all accounts, [the child welfare system] largely fell to pieces in the aftermath of that discovery." *LaShawn*, 701 F.Supp.2d at 111–12. Finally, with respect to the District's alternative request for modification of the consent decree, we find no abuse of discretion in the district court's determination that it "lack[ed] an adequate proposal to consider." *Id.* at 111; *see Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 393, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992) ("a party seeking modification must establish ... that the proposed modification is suitably tailored to the changed circumstance."). We need not reach the District's other claims of error as even resolution of them in the District's favor would not alter the outcome.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41(a)(1).